IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GABRIEL DESMOND YANKEY, JR.,

        Plaintiff,

vs.                                        Case No. 22-1049-SAC-ADM

LAURIE B. WILLIAMS, CARL B.
DAVIS, and KATRINA DOBBS,

        Defendants.

MEMORANDUM AND ORDER

On February 22, 2022, the plaintiff Gabriel Desmond Yankey, Jr. ("Yankey") filed a *pro se* civil complaint asserting federal question jurisdiction under 28 U.S.C. § 1331, federal civil rights jurisdiction under 28 U.S.C. § 1343, and other federal statutes. ECF# 1, p. 3. The plaintiff's motion to proceed without prepayment of fees was granted, but the Magistrate Judge delayed service for the screening of the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). ECF# 5. This court filed a screening order on March 14, 2022, giving the plaintiff Yankey until April 4, 2022, to show good cause in writing why his complaint should not be dismissed for failure to state a claim and/or to file a complete and proper amended complaint curing all the deficiencies discussed in the screening order. ECF# 6, p. 9. The court's screening order further warned, "If the plaintiff does not file his good-cause response and/or his amended complaint within the prescribed time, this matter will be decided based upon the current deficient complaint and may be dismissed without further notice." *Id*. The time given for the plaintiff to file his response or amended complaint has expired without the plaintiff filing anything in the case.

1

Because Yankey's instant case is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the court may screen and dismiss it "at any time" upon determining that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "[T]he purpose of § 1915(e) is to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012)(internal quotation marks and citations omitted). For such cases, "prompt screening may be a good thing and conserve the resources of defendants forced to respond to baseless lawsuits." *Id.*

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The same standard used for Fed. R. Civ. P. 12(b)(6) motions is used for § 1915 dismissals, and this includes the newer language and meaning taken from *Twombly* and its "plausibility" determination. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). The Tenth Circuit has made clear, "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not

2

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." Id. at 555, 570.

    The plaintiff's complaint is utterly deficient in laying out separate claims for relief for each federal statute cited and in supporting each purported claim with separate allegations of fact. It fails to identify and describe any act taken in violation of any specific Title II provision. It alleges nothing that comes close to the pleading requirements of Fed. R. Civ. P. 8(a)(2) for a Title II claim. The cited federal statutes of 18 U.S.C. § 242 and 34 U.S.C. § 12601 do not create a private right of action. *Yankey v. Brasser*, No. 22-1036-JWB-ADM, ECF# 6, at pp. 5-6 (citing in part *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) and *Tucker v. United States Ct. of Appeals for Tenth Cir.*, 815 Fed. Appx. 292, 294 (10th Cir. 2020)). The plaintiff has failed to state a claim for relief under these three federal statutes.

    As for any claim under 42 U.S.C. § 1983, the plaintiff's complaint does not identify which of his constitutional rights was violated and does not allege any facts showing how the named defendants could have violated his constitutional rights. The complaint lacks allegations to satisfy the under-color-of-state-law element to a § 1983 action. The plaintiff alleges no facts tending to show any agreement or meeting

of minds between Dobbs and any of the named public actors. Nor has the plaintiff alleged anything to show how the defendants Williams and Davis acted under color of state law or personally participated in any actions on which the plaintiff's complaint is based. Finally, the plaintiff's complaint does not allege when any of the adverse events occurred. The only dates appearing in the plaintiff's complaint are almost six years ago and after. Without other allegations, the complaint appears barred by the two-year statute of limitations. *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

IT IS THEREFORE ORDERED that the plaintiff's complaint is dismissed with prejudice for failure to state a claim for relief.

Dated this 5h day of April, 2022, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge